IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Lavern Justin Reed, | Case No.: 3:24-cv-760-JD-KDW |
| Plaintiff, | |
| vs. | |
| | **ORDER AND OPINION** |
| Jeffcoat Richardson; Secoya Tucker; Charles Dulaney; and Emily Hampton, | |
| Defendants. | |

This matter is before the Court with the Report and Recommendation ("Report") of United States Magistrate Judge Kaymani D. West, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) of the District of South Carolina.[1] (DE 32.) Plaintiff Lavern Justin Reed ("Plaintiff" or "Reed"), proceeding *pro se*, filed this Complaint alleging a violation of civil rights by Richland County Police Department officers Jeffcoat Richardson ("Richardson") and Emily Hampton ("Hampton"), Richland County Paramedic Secoya Tucker ("Tucker"), and Richland County Public Defender Charles Dulaney ("Dulaney") stemming from a domestic incident on October 29, 2022. (DE 1.)

On May 3, 2024, the Court issued an order notifying Plaintiff that his Complaint was subject to summary dismissal because he failed to allege sufficient factual allegations to state a claim. (DE 23.) The order further advised Plaintiff he had until May 17, 2024, to file an amended complaint or otherwise cure the identified deficiencies in his pleadings. Plaintiff was warned that

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

if he failed to timely file an amended complaint or failed to cure the identified deficiencies, it would be recommended that the action be dismissed without leave for further amendment. (*Id*.) Plaintiff did not file a response within the time provided.

The Report was issued on June 5, 2024, recommending Plaintiff's Complaint be dismissed. (DE 32.) Plaintiff did not file an objection to the Report. In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). The Court must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

Accordingly, after a thorough review of the Report and Recommendation and the record in this case, the Court finds no clear error on the face of the record. Thus, the Court adopts the Report (DE 32) and incorporates it here by reference.

It is, therefore, **ORDERED** that Plaintiff's Complaint is dismissed without leave for further amendment pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED**.

_____
Joseph Dawson, III
United States District Judge

Florence, South Carolina
August 5, 2024

## NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from this date, under Rules 3 and 4 of the Federal Rules of Appellate Procedure.